A. Melvin McDonald, Bar #002298
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004
Telephone:  (602) 263-1700
Fax:  (602) 200-7847
mmcdonald@jshfirm.com

Attorneys for Defendant Kevin Bianchi

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>Kevin Bianchi,<br><br>    Defendant. | CR- 17-00323-PHX-DLR (BSB)<br><br>**Motion for Reconsideration** |

Kevin Bianchi, by and through counsel undersigned, respectfully asks this Court to reconsider the ruling issued by the Honorable Eileen Willett, United States District Court Magistrate Judge, denying Mr. Bianchi an opportunity for admission into Crossroads Drug Treatment program.  Her ruling is *inconsistent* with the clear intention of a prior ruling by Magistrate Judge Duncan, who ordered an assessment for Mr. Bianchi's possible admission into Crossroads. Judge Willett, before making her decision, based that decision upon erroneous information provided to the Court about Mr. Bianchi's past performance.  This motion is supported by the attached memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

Prior to the Detention Hearing held before Magistrate Judge Willett on March 2, 2017, Magistrate Judge Duncan, on February 23, 2017,  had ordered Mr. Bianchi undergo an assessment with The Crossroads, an Arizona Department of Health Services licensed substance abuse treatment center, to see if Mr. Bianchi would and could be

5742605.1

assessed and admitted to their program and would otherwise qualify for that program. Mr. Bianchi completed a rigorous and comprehensive assessment and was accepted. Crossroads, in response to Judge Duncan's order of an assessment, notified the Court that they had a bed available for Mr. Bianchi. Pretrial Services recommended that defendant reside at Crossroads Arcadia for Men, 5116 East Thomas Road. Despite Judge Duncan's clear directive, and his desire for Mr. Bianchi to be treated at Crossroads, and potentially be responsible for up to 50% payment at Crossroads, and even though Pretrial Services, in conjunction with Judge Duncan's clear intent, recommended defendant's admission to Crossroads, that request was inexplicably denied. Because defendant would be on an "inpatient" status, there was no conceivable risk to the public.

Mr. Bianchi asks this Court to reconsider Judge Willett's decision and allow him to complete the Crossroads program. Some of the information provided to Judge Willett by the government's argument was unintentionally inaccurate and misleading. Since that ruling, defense counsel has reached out to California treatment facilities in California and to Mr. Bianchi's most recent defense attorney in California and their declarations confirm that Judge Willet's beliefs were based upon inaccurate information.

**I. THE PENDING OFFENSES**

Kevin Bianchi is charged with multiple offenses, all economic crimes allegedly committed over a span of several days in early February while Mr. Bianchi was consistently using and addicted to drugs. The gist of the offenses involved Mr. Bianchi going into United States Postal offices, and providing falsified credit cards to purchase postage stamps in large amounts. The defendant, at the time of the offenses, had a clear drug habit. He had undergone successful drug treatment in the past but had relapsed.

**II. THE HISTORY BEFORE THIS COURT**

Mr. Bianchi appeared before the Court on February 13, 2017 for a detention hearing. He was ordered temporarily detained and a detention hearing was set, then reset to February 23, 2017 before United States Magistrate Judge David Duncan. On February 23, 2017, Pretrial Services prepared a supplemental report, which recommended

that Mr. Bianchi be screened for, and assessed for Crossroads, an inpatient treatment program that provides rehabilitation services for individuals who are addicted to drugs. Judge Duncan agreed with the Pretrial Services' recommendation and ordered Crossroads to conduct an evaluation on Mr. Bianchi. Crossroads completed a comprehensive assessment less than a week later, on February 28, 2017. Crossroads recommended that Mr. Bianchi was suitable for placement in their inpatient program and a bed would be available on March 9, 2017. Crossroads further indicated that when the bed became available, they would provide notice to the Court so Mr. Bianchi could attend.

Counsel subsequently appeared before United States Magistrate Judge Eileen Willett on March 2, 2017 with the information from Crossroads, as had been ordered by Judge Duncan. Defense counsel urged Judge Willett to follow through on the recommendation to allow Mr. Bianchi to attend treatment at Crossroads, while the Government argued the opposite and asked the Court not to allow Mr. Bianchi to attend.

**III.    THE GOVERNMENT'S OPPOSITION**

Legal counsel for the government vigorously opposed an order that would have transferred Mr. Bianchi to Crossroads for treatment. The basis for the government's arguments were as follows:

1. Pretrial Services' recommendation has failed to recognize that Mr. Bianchi's past criminal history has spanned "about half of his lifetime." RT 2:18-22.

2. He has at least 15 violations of probation for crimes. RT 2:23-24.

3. A good deal of the offenses should have been felony dispositions. RT2:25 to 3:1

4. He has violated "every court order recorded in the PSR…" RT 3:2-3

5. He has "no respect for the law or the courts." RT 3:4-5

6. Prosecutors in other courts have demonstrated "some passivity" allowing Mr. Bianchi the "excuse" of requesting available drug treatment; RT 3:6-10

7. Defendant has "at least 15 violations of probation for crimes" RT 3:23-24

        8.     Defendant has "no respect for the law or for the courts who have set orders." RT 3:4-5

        9.     Defendant Bianchi is "…released for drug treatment and he goes through that and continues to violate probation." RT 3:11-12.

### IV. THE GOVERNMENT'S MANY ARGUMENTS WERE BASED UPON INACCURATE AND INCOMPLETE INFORMATION.

Judge Willett heard and considered essentially the same arguments presented to Judge Duncan, yet refused to allow Mr. Bianchi enter the Crossroads program. There were no substantive changes to Mr. Bianchi's status; the Pretrial Services Report remained basically the same—recommending placement at Crossroads. However, since the detention hearings before both Judge Duncan and Judge Willett, defense counsel was able to obtain additional supporting documents from Mr. Bianchi's treatment history and prior providers. This information contradicts many of the government's arguments. These documents show:

        1.     That despite Mr. Bianchi's troubles with the law, he has no felony convictions.

        2.     Contrary to the government's information, Mr. Bianchi had in fact completed treatment on more than one occasion. (This is quite different from the government's contentions that he never successfully completed the requirements of treatment and/or probation.) See Exhibit 1 (Declaration of attorney Evan Zelig), Exhibit 2 (Statement from Mountain Vista Farm); Exhibit 3 – (Statement of Attorney Ron Dinan)

In fact, two of the attached documents are from prior treatment facilities, which confirm successful results in prior treatment programs. There are a number of areas that show the government's argument to the Court were grossly inaccurate.

        1.     Mr. Bianchi's criminal history has not spanned "about half of his lifetime." There were large segments of the last 20 years where he was drug free and crime free.

        2.     His record of successes in drug treatment are dramatically better than

what was presented by the government. Exhibit 2 confirms that the admission was voluntary. Exhibits 1-3 show that there have been multiple successes in treatment. To argue that Mr. Bianchi has "no respect for the law or the courts" is unfair and not supported by the record. The record shows that contrary to the Government's contention that Mr. Bianchi is unwilling to change his behavior or actively participate in treatment to avoid making similar mistakes, he has, on multiple occasions sought out treatment. Mr. Bianchi has shown a desire to improve himself, to get better, and to overcome the mistakes of his past by taking classes and attending treatment. Unfortunately, despite his efforts, he has continued to struggle with drug addiction. He should not be denied an opportunity to complete treatment simply because he has "failed" in the past and returned to using drugs. That is not the purpose of any treatment program. Mr. Bianchi wants to stop using drugs, he wants to learn how to stay sober and make better decisions, and the Crossroads program can do that for him.

The Crossroads program is an inpatient 90-day program. This means that Mr. Bianchi is required to remain at the facility and cannot leave during the duration of the program. As a result, Mr. Bianchi is not, and cannot be, a flight risk while participating in Crossroads. Even so, Mr. Bianchi was never a flight risk—his former attorney's declaration indicates that Mr. Bianchi appeared for all his court dates and appointments with counsel. Crossroads is an ideal situation because it treats drug addicts and those with substance abuse problems, just like Mr. Bianchi. Mr. Bianchi is ready, willing, and capable of rehabilitation, and if necessary, his family has agreed to contribute to the cost of treatment.

It is counsel's belief that the decisions of Judge Duncan and Judge Willett are inconsistent. Had Judge Duncan not deemed Mr. Bianchi to be a worthy candidate for Crossroads, he never would have directed such an assessment. Had Pretrial Services believed he was incapable of treatment and/or a flight risk, they would not have recommended a treatment program that is not run through the prisons and/or jails. With both Pretrial Services and Crossroads in agreement that they could make a bed available

for Mr. Bianchi, it makes little sense to not give him the option of attending and participating in the program after he had gone through the assessment process.

If Mr. Bianchi is allowed to participate in the Crossroads Program and successfully completes the same, Mr. Bianchi will not simply be released pending trial because he will still be in federal detention pending the final resolution of the case. As such, there should not be any concern about Mr. Bianchi being a flight risk or absconding. Mr. Bianchi, admittedly, has made several mistakes in the past and relapsed on more than one occasion back to using drugs. He has completed drug treatment but still struggles with sobriety. Drug treatment, such as the program offered by Crossroads, is vital in allowing Mr. Bianchi to take an active role his case. Mr. Bianchi struggles with maintaining his sobriety on a regular basis. With Crossroads, he can learn and utilize various coping mechanisms to help him overcome the urge to return to use drugs and/or seek out illegal substances. Further, it is counsel's genuine belief that drug treatment is absolutely critical to the recovery and rehabilitation of Kevin Bianchi.

For the reasons set forth above, Defendants ask that the Court reconsider Judge Willett's ruling, and allow Kevin Bianchi, to be admitted to the Crossroads drug treatment program. Mr. Bianchi is willing to waive all speedy trial rights if accepted into, and allowed to participate in the program. For these reasons, the defendant urges this Court to allow the government to file a response, and to thereafter grant the defendant's motion for reconsideration, and allow the defendant to enter into the Crossroads Drug Treatment Program.

RESPECTFULLY SUBMITTED this 31st day of March 2017.

JONES, SKELTON & HOCHULI, P.L.C.

By /s/ A. Melvin McDonald
   A. Melvin McDonald
   40 North Central Avenue, Suite 2700
   Phoenix, Arizona 85004
   Attorneys for Defendant Kevin Bianchi

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of March 2017, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

Charles F. Hyder
US Attorney's Office
2 Renaissance Square
40 North Central, #1200
Phoenix, AZ  85004
Chuck.Hyder@usdoj.gov

/s/ Diana Weeks

Evan E. Zelig; CA Bar No. 228740
Law Offices of Evan E. Zelig, P.C.
703 2nd Street, Suite 404
Santa Rosa, CA  95404
Telephone:  (707) 636-3204
Facsimile:  (707) 636-3251

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Kevin Bianchi,<br><br>　　　　　Defendant. | NO: 2:17-MJ-07065-BSB<br><br>DECLARATION OF ATTORNEY EVAN E. ZELIG IN SUPPORT OF DEFENDANT'S REQUEST FOR RELEASE AND PARTICIPATION IN DRUG TREATMENT PROGRAM |

I, Evan E. Zelig, hereby declare as follows:

1. I am an attorney in "Active" standing, licensed to practice in the State of California.

2. I am also admitted as an attorney in the United States District Court for the Northern District, Central District, and Eastern District of California

3. I previously represented Kevin Bianchi in the Superior Court of California, for the County of Sonoma, beginning in April 2013.  My representation included Sonoma County case numbers SCR-625823; SCR-630929; SCR-640532; and SCR-641246.

4. On information and belief, Mr. Bianchi has never previously been charged or convicted of any felony offense; and the majority of his misdemeanor convictions are drug-related convictions involving the use or possession of controlled substances.

EXHIBIT 1

5. During the course of my representation I was always able to maintain good contact with my client. Mr. Bianchi appeared at all court dates when ordered as well as all appointments at my office when requested.

6. Mr. Bianchi has continuously struggled with drug use and drug addiction throughout the time I have known him. However, when given the opportunity for drug treatment programs Mr. Bianchi was both willing and motivated to participate in those programs. During the course of my representation Mr. Bianchi successfully completed the Mountain Vista Farms thirty (30) day rehabilitation program.

7. Like with most drug users and those addicted to controlled substances, relapses of sobriety can (and will) occur. However, in my experience knowing Mr. Bianchi, he does put forth commendable efforts at his sobriety when he is given the opportunity for drug treatment programs.

8. This declaration is being written and submitted in support of Mr. Bianchi; and in hopes Your Honor will grant his request for release on his own recognizance, and for placement in a drug treatment program, while the current criminal charges are pending against Mr. Bianchi.

I declare under penalty of perjury, under the laws of the State of California and the United States, that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 12, 2017

Evan E. Zelig
Declarant

# Mountain Vista Farm

*Alcoholism and Chemical Dependency Treatment Programs*
*Since 1949*

Craig McMahon
Chief Executive Officer

Lee Hamilton, MS, MBA
Executive Director

December 4, 2013

RE: Kevin Bianchi
    SS# 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

To Whom It May Concern,

Please be advised that Mr. Bianchi admitted himself into this facility for treatment of his addiction on November 4, 2013. He completed our residential program on December 4, 2013. He will be eligible to attend our weekly aftercare groups as part of his ongoing recovery. We encourage him to participate in aftercare for a full two-years. In addition he has been advised to follow his relapse prevention plan in an effort to support his recovery.

Sincerely,

*[signature]*

Thompson Hamilton, CADCA
Program Manager

3020 Warm Springs Road • Glen Ellen, CA 95442
Phone (707) 996-6716 • Fax (707) 996-6647 • www.mountainvistafarm.com

**EXHIBIT 2**



**RONALD DINAN & ASSOCIATES**
ATTORNEYS AT LAW

CRIMINAL DEFENSE

Ronald Dinan
David Jake Schwartz
R. Scott Guite

Arthur R. George
Nancy McGee Higgins
David Prendergast

June 6, 2006

Kevin Bianchi
19 Wedgewood Court
Petaluma, CA 94954

Re: <u>Sonoma County Matter SCR-486521 and Related VOP's</u>

Dear Kevin:

As you know, on June 5, 2006, we appeared with you in Sonoma County Superior Court to resolve your pending matter. The actual record of proceedings is enclosed for your review and future reference.

The District Attorney originally charged you with violating Health and Safety Code Section 11550(a), being under the influence of a controlled substance. To your great credit, you were able to successfully complete the Mountain Vista 28-day residential treatment program and then present to the Court a compelling account of your experience. The final outcome was a terrific result where the District Attorney agreed to reduce your charge to a simple misdemeanor Penal Code Section 647(f), public intoxication (drugs).

The Court granted to you a conditional sentence whereby you were given credit for time served and you were ordered to be of good conduct and obey all laws for 24 months. During this period you must submit to warrantless search and seizure of your person, property, and vehicle at any time of day or night, and of your residence at any time of day or reasonable hour of the night by any Probation or Law Enforcement Officer. You were also ordered during this time to not possess or use any controlled substances or associated paraphernalia without a valid prescription. As you know, these are very real orders to which you are subject for the next 24 months. An arrest for violation of these terms will land you in a no-bail jail situation and a conviction will expose you to substantial jail time.

With respect to your prior cases in which, due to your present case, probation was violated, in SCR-450482 (driving while suspended with 2 priors, 10/05/04) and SCR-457422 (possession of a controlled substance, 2/09/05), probation in each case was reinstated and all terms and conditions of those sentences remain in full force and effect. In TCR-442199 (driving while suspended, 6/02/04) and TCR-443474 (driving while suspended, 6/25/04), probation was reinstated and then successfully terminated.

Your matters are otherwise concluded. Congratulations on your recent successes. We sincerely wish you great fortitude and good fortune in your future endeavors.

RONALD DINAN & ASSOCIATES

By: _____
Dave Jake Schwartz
Attorney

**EXHIBIT 3**

411 Russell Avenue
Santa Rosa, California 95403

Tel (707) 571-5550
Fax (707) 571-5521

National Association of
Criminal Defense Lawyers

California Attorneys
for Criminal Justice