ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona
CHARLES F. HYDER
Assistant U.S. Attorney
Arizona State Bar No. 001967
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Chuck.Hyder@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-17-00323-PHX-DLR |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| Kevin Matthew Bianchi, | |
| Defendant. | |

Plaintiff, United States of America, and the defendant, Kevin Matthew Bianchi, hereby agree to dispose of this matter on the following terms and conditions:

1. **PLEA**

The defendant will plead guilty to Counts 9 and 19 of the Indictment charging the defendant with violations of Title 18, United States Code, Section 1029(a)(1), Fraud in Connection with Counterfeit Access Devices, a Class C felony offense; and Title 18, United States Code, Section 1028A(a)(1), Aggravated Identity Theft, a Class E felony offense.

2. **MAXIMUM PENALTIES**

a. A violation of 18 U.S.C. § 1029(a)(1), is punishable by a maximum fine of $250,000, a maximum term of imprisonment of 10 years, or both, and a term of supervised release of 3 years. A violation of 18 U.S.C. § 1028A(a)(1) is punishable by a mandatory sentence of 2 years, to run consecutive to the sentence imposed in Count 9.

b. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1) make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2) pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4) pay upon conviction a $100.00 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c. The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

3. **AGREEMENTS REGARDING SENTENCING**

a. Stipulation. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant will be sentenced on Count 9 of the Indictment to a period of time served. The defendant will be sentenced on Count 19 of the Indictment to a period of 2 years imprisonment to be served consecutive to the sentence in Count 9.

The parties stipulate that the $9,672 in United States Currency that was seized from the defendant will be credited toward payment of the $19,061 in full restitution in the matter. (*See* Hold Harmless Agreement, attached as Exhibit A, which is incorporated by reference and made part of the Plea Agreement.)

b. Restitution. Pursuant to 18 U.S.C. § 3663 and/or 3663A, the defendant

specifically agrees to pay full restitution, regardless of the resulting loss amount but in no event more than $19,061, to all victims directly or proximately harmed by the defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. The defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement.

      c.    Assets and Financial Responsibility. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

On or about May 4, 2017, Kevin Matthew Bianchi, through his attorney, A. Melvin McDonald, filed a claim for the above-described seized property with the United States Postal Inspection Service (USPIS). On or about May 26, 2017, said claim was referred to the Office of the United States Attorney for the District of Arizona for possible judicial action. To date, the United States has not filed a judicial action against the seized property.

An agreement has been reached between the United States and Kevin Mathew Bianchi as follows:

Kevin Matthew Bianchi has withdrawn his claim to the seized property, and gives up all right title and interest in the seized property. Kevin Mathew Bianchi further agrees not to contest the Government's administrative forfeiture action, and waives all deadlines under 18 U.S.C. § 983(a).

Kevin Matthew Bianchi releases, forever discharges and holds harmless the United States of America, its officers, agents, attorneys, servants and employees, from any and all actions, causes of action, suits, proceedings, debts, judgments, damages, claims or demands whatsoever in law or equity which claimant, his heirs, successors or assignees ever had, now have or may have whether known or unknown, in connection with this seizure and detention of seized property, including but not limited to any claim filed under 28 U.S.C. § 2412.

Kevin Matthew Bianchi agrees that he did not substantially prevail in his claim, and each party agrees to bear its own costs and attorneys fees.

d. **Acceptance of Responsibility.** If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will recommend an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

4. **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a. Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of sentencing, shall dismiss the following charges: Counts 1-8, 10-18 and 20-26.

b.  This office shall not prosecute the defendant for any other offenses committed by the defendant, and known by the United States, in connection with the Indictment.

c.  This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

5. **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a.  If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b.  If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

6. **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and

2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

7. **DISCLOSURE OF INFORMATION**

    a.  The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

    b.  Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

    c.  The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

    (1)  criminal convictions, history of drug abuse, and mental illness; and

    (2)  financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

8. **ELEMENTS**

Fraud in Connection with Counterfeit Access Devices
18 U.S.C. § 1029(a)(1)

On or around February 6, 2017, and continuing to around February 10, 2017, in the District of Arizona:

1.  Kevin Matthew Bianchi knowingly and with the intent to defraud used a counterfeit access device, meaning any access device that is counterfeit, fictitious, altered

or forged, or an identifiable component of an identifiable component of a counterfeit access device[1]; and

    2.    His conduct in some way affected interstate and/or foreign commerce.

Aggravated Identity Theft
18 U.S.C. § 1028A(a)(1)

    1.    Kevin Matthew Bianchi knowingly used without legal authority a means of identification of another person; and

    2.    He did so during and in relation to a violation of Title 18, United States Code, Section 1029(a)(1).

**9.**   **FACTUAL BASIS**

    a.    The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

    b.    On February 9, 2017, management at the Glendale Main Post Office notified Postal Inspectors of a suspicious transaction involving the use of a credit card to purchase 100 rolls of stamps totaling $4,900. In the transaction, the individual produced a Chase credit card ending in 2938 in the name of Steven Holt, and a Texas Driver's License in the name of Steven Holt with the number 35245355. Surveillance video of the transaction was available at the Glendale Post Office and postal inspectors obtained images of the person making the transaction.

On February 10, 2017, management at the Sun City West Post Office notified Postal Inspectors that an individual had called the post office and notified them he would be coming in to purchase a large amount of stamps. Postal Inspectors responded to the

---

[1] The term "access device" means any card, plate, code, account number, mobile identification number, personal identification number, or other communication service, equipment or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

scene and witnessed the person make the transaction. The Postal Inspectors recognized the person making the transaction as the same individual who had made the $4,900 stamp purchase at the Glendale Post Office the day before.

The individual, later identified as the defendant, made the purchase of the stamps with a counterfeit Citibank credit card ending in the numbers 5221 in the name of Steven Holt, and a Texas Driver's License in the name of Steven Holt with the number 35245355. The defendant was arrested and a search of his person revealed seven counterfeit credit cards, two counterfeit Texas Driver's Licenses, and $9,672 in United States Currency.

The investigation further revealed that the account number on the counterfeit Citibank credit card was an active account number belonging to Chase Bank. The legitimate Chase Bank account owner stated that she did not authorize anyone to possess or use her credit card and that she still had her credit card in her possession.

The defendant's unauthorized transaction totaled $2,450. The defendant's counterfeit credit card was a counterfeit access device and the defendant's transaction affected interstate and/or foreign commerce.

c.  The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

**APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself

by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

8/8/17
Date

KEVIN MATTHEW BIANCHI
Defendant

## APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

August 10, 2017
Date

A. MELVIN MCDONALD
Attorney for Defendant

- 10 -

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

<u>8/22/17</u>
Date

<u>/s/ Charles F. Hyder</u>
CHARLES F. HYDER
Assistant U.S. Attorney

**ACCEPTANCE BY THE COURT**

_____
Date

_____
HONORABLE DOUGLAS L. RAYES
United States District Judge

- 11 -

# EXHIBIT A

## Hold Harmless Agreement

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In the Matter of the United States Postal Inspection Service Seizure of:<br><br>$9,672.00 in United States Currency. | Hold Harmless Agreement |

On or about May 4, 2017, Kevin Mathew Bianchi, through his attorney, A. Melvin McDonald, filed a claim for the above-described seized property with the United States Postal Inspection Service (USPIS). On or about May 26, 2017, said claim was referred to the Office of the United States Attorney for the District of Arizona for possible judicial action. To date, the United States has not filed a judicial action against the seized property.

An agreement has been reached between the United States Kevin Mathew Bianchi as follows:

Kevin Mathew Bianchi has withdrawn his claim to the seized property, and gives up all right title and interest in the seized property. Kevin Mathew Bianchi further agrees not to contest the Government's administrative forfeiture action, and waives all deadlines under 18 U.S.C. § 983(a).

Kevin Mathew Bianchi shall release, forever discharge and hold harmless the United States of America, its officers, agents, attorneys, servants and employees, from any and all actions, causes of action, suits, proceedings, debts, judgments, damages, claims or demands whatsoever in law or equity which claimant, his heirs, successors or assignees ever had, now have or may have whether known or unknown, in connection with this seizure and detention of seized property, including but not limited to any claim filed under 28 U.S.C. § 2412.

1  Kevin Mathew Bianchi agrees that he did not substantially prevail in his claim, and
2  each party agrees to bear its own costs and attorneys fees.

_____   Date: 7-14-17
Kevin Mathew Bianchi

_____   Date: 7/14/17
A. Melvin McDonald
JONES, SKELTON & HOCHULI, PLC
Attorney for Kevin Mathew Bianchi

_____   Date: 7/17/17
CHARLES HYDER
Assistant United States Attorney

2